RODERICK E. WALSTON (Bar No. 32675)
Roderick.walston@bbklaw.com
MICHAEL T. RIDDELL (Bar No. 72373)
Michael.riddell@bbklaw.com
STEVEN G. MARTIN (Bar No. 263394)
Steven.martin@bbklaw.com
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596
Telephone: (925) 977-3300
Facsimile: (925) 977-1870

Attorneys for Plaintiff
DESERT WATER AGENCY

FILED

BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2013 MAR 29  PM 2:49

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

CV 13 - 02281 DMG (OPx)

DESERT WATER AGENCY,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT
OF THE INTERIOR; KENNETH L.
SALAZAR, U.S. Secretary of the
Interior; UNITED STATES
BUREAU OF INDIAN AFFAIRS;
KEVIN K. WASHBURN, Assistant
Secretary for Indian Affairs; and
DOES 1 through 10, Inclusive,

    Defendants.

Case No.:

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**INTRODUCTION**

1.     This action is brought by Desert Water Agency ("DWA"), political subdivision of the State of California, which provides water supplies and water service to businesses and residences in its service area, which is located in Riverside County, California.  The action is brought against the U. S. Department of the Interior ("Department"), the U. S. Bureau of Indian Affairs ("BIA"), and officials of the Department and the BIA.  The Department, through the BIA, recently adopted a federal regulation, 25 C.F.R. § 162.017, that prohibits "any fee, tax, assessment, levy or other charge" from being imposed upon "permanent improvements," "activities," or a "leasehold or possessory interest," on leased lands within an Indian reservation.  DWA imposes various charges upon businesses and residents to whom it provides water supplies and water service, which compensate DWA for its costs and expenses in providing the supplies and service, and these charges are imposed upon non-Indian lessees of lands within the Agua Caliente Indian Reservation, which is located in DWA's service area and in a substantial portion of the City of Palm Springs.  In this complaint, DWA alleges that the federal regulation does not preclude DWA from imposing its charges upon non-Indian lessees on the Agua Caliente Indian Reservation, but that, if it does, the regulation is arbitrary, capricious, an abuse of discretion, and not in accordance with law, and exceeds the defendants' authority under federal law, and therefore is invalid.  DWA seeks declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and such other relief as may be appropriate.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

2.     This court has jurisdiction under (1) 28 U.S.C. § 1331, in that the claims herein arise under the laws of the United States; (2) the Administrative Procedure Act, 5 U.S.C. §§ 701-706, which authorizes actions against federal agencies and officials for actions that are (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and (b) in excess of statutory jurisdiction, authority, or limitations; and (3) the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, which authorize actions for declaratory relief.

3.     Venue is proper in the United States District Court for the Central District of California, Eastern Division, under 28 U.S.C. § 1391(e)(1), -(e)(2), because a substantial part of the events and omissions giving rise to the claims herein occurred in said judicial district.  The claims herein pertain to the right of DWA, which is located in Riverside County, California, to apply various charges upon leased lands on the Agua Caliente Indian Reservation, which is also located in Riverside County, California.  Riverside County lies within the jurisdiction of the United States District Court for the Central District of California.

**PARTIES**

4.     Plaintiff DWA is a political subdivision of the State of California, which provides water supplies and water service to businesses and residences in Riverside County, California.  DWA was created by the California Legislature's enactment of the Desert Water Agency Law of 1961.  Cal. Water Code App. §§ 100-1 *et seq.*  Under this statute, DWA is authorized to manage water supplies within its area of jurisdiction.  *Id.* at § 100-2.  The statute authorizes DWA to

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

exercise numerous powers, including the power to acquire waterworks systems and water rights, *id.* at § 100-15(5); to sell water under DWA's control to cities, public agencies, public corporations, and inhabitants, *id.* at § 100-15(7); to supply and deliver water at rates, terms and conditions imposed by the agency, *id.* at § 100-15(8); to issue bonds, borrow money, and incur indebtedness, *id.* at § 100-15(10); to restrict water use during droughts and other emergencies, *id.* at § 100-15(13); to acquire, control and distribute water for beneficial use, *id.* at § 100-15(17); to issue revenue bonds, *id.* at § 100-15(23); to impose groundwater replenishment assessments upon individual water users in order to replenish groundwater supplies, *id.* at § 100-15.4; and to establish water rates that will result in revenues sufficient to recover the agency's operation and maintenance expenses, *id.* at § 100-25.

5.      Defendant U. S. Department of the Interior is a department of the United States government, which was established by Congress and exercises authority pursuant to congressional enactments.  The Department is charged, *inter alia*, with the responsibility for managing and administering the lands of Indian reservations, and for managing and administering federal programs relating to Indian tribes and individuals.

6.      Defendant Kenneth L. Salazar is the U.S. Secretary of the Interior, and in that capacity is responsible for overseeing and managing all programs, activities and operations of the Department, including all programs, activities and operations of the BIA.

7.      Defendant BIA is an agency of the Department, and is responsible for overseeing and managing all programs, activities and operations of the Department relating to Indian lands and affairs.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

- 3 -

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

8.     Kevin K. Washburn is the Assistant Secretary for Indian Affairs, and is responsible for overseeing and managing and managing all programs, activities and operations of the BIA.

9.     Plaintiff does not know the true names and capacities of defendants designated as Does One through Ten, inclusive, and will amend its complaint when their names and capacities have been identified.  Plaintiff is informed and believes, and on that basis alleges, that defendants Does One through Ten have an interest in the subject matter of this litigation.

**FACTUAL BACKGROUND**

**1.     The Federal Regulation (25 C.F.R. § 162.017)**

10.     On December 5, 2012, the Department, through the BIA, adopted regulations, which became effective on January 4, 2013, pertaining to leases on Indian lands.  "Residential, Business, and Wind and Solar Resources on Indian Land," 77 Fed. Reg. 72440 (Dec. 5, 2012).  The regulations address "residential leases, business leases, wind energy evaluation leases, and wind and solar development leases on Indian land …." *Id.* at 72440.  The regulations are currently in effect, and are codified at 25 Code of Federal Regulations (C.F.R.) §§ 162.001 *et seq.*

11. Section 162.107 of the federal regulations addresses the question of "[w]hat taxes apply to leases approved under this part." 25 C.F.R. § 162.017. Subsection (a) thereof provides in relevant part:

- 4 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

> Subject only to applicable Federal law, permanent
> improvements on the leased land, without regard to
> ownership of those improvements, are not subject to any
> fee, tax, assessment, levy or other charge imposed by any
> State or political subdivision of a State.

*Id.* at § 162.017(a).  Subsection (b) prohibits any "fee, tax, assessment, levy or other charge" for "activities" under a lease conducted on the leased premises.  *Id.* at § 162.017(b).  Subsection (c) prohibits the same charges for a "leasehold or possessory interest."  *Id.* at § 162.017(c).

12.    Under the federal regulations, a "lease" is defined as "a written contract between Indian landowners and a lessee, whereby the lessee is granted a right to possess Indian land, for a specified purpose and duration."  25 C.F.R. § 162.003.  "Permanent improvements" are defined as "buildings, other structures, and associated infrastructure attached to the leased premises."  *Id.*

## 2.    The Agua Caliente Indian Reservation

13.    In 1876, President Ulysses S. Grant issued an executive order creating certain reservations for the Mission Indians of California, including the Agua Caliente Band of Cahuilla Indians (hereinafter "Agua Caliente Tribe").  The executive order resulted in the creation of an Indian reservation (hereinafter "Agua Caliente Indian Reservation") for the Agua Caliente Tribe.  In 1877, President Rutherford B. Hayes issued an executive order expanding the Agua Caliente Indian Reservation to approximately its current size.

14.    The Agua Caliente Indian Reservation is located in Riverside County,

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

California.  The reservation generally consists of alternating sections and unsurveyed portions of certain townships in Riverside County, namely (1) Township 4 South, Range 4 East, (2) Township 4 South, Range 5 East, and (3) Township 5 South, Range 4 East, of the San Bernardino Meridian.  The reservation contains approximately 31,000 acres, approximately one-half of which lie within the City of Palm Springs, California.

15.    The Agua Caliente Tribe and/or its members have leased certain lands within the Agua Caliente Indian Reservation to various lessees.  The lessees of such lands are not members of the Agua Caliente Tribe.  The lessees have erected permanent improvements on the leased lands, such as hotels, restaurants, stores and other places of business, and are engaged in activities on such lands, such as the conduct of various types of business.  The permanent improvements also include single family and multi-family residential structures.

3.    **Desert Water Agency's Charges**

16.    DWA provides water supplies and water service to business and residential customers in its service area, and imposes various taxes, assessments, fees, levies and other charges (collectively "charges") upon those to whom it provides such supplies and service.  The charges compensate DWA for its costs and expenses in obtaining imported water supplies and providing such water supplies to its business and residential customers.  DWA obtains its imported water supplies pursuant to its contract with the California Department of Water Resources ("DWR"), which operates the State Water Project.  DWA has entered into an exchange agreement with another State Water Project contractor, the Metropolitan Water District of Southern California ("MWD"), under which MWD imports a portion of its Colorado River water supply into DWA's service area in return for

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

which MWD receives DWA's share of State Water Project water. All of the imported water that DWA receives via exchange with MWD is percolated into the ground, to augment inadequate local groundwater supplies. The charges that DWA imposes upon its business and residential customers are necessary for DWA to obtain the imported water supplies that it provides to such customers.

17. The charges that DWA imposes upon those to whom it provides water supplies and water service are as follows:

(a) DWA imposes an annual *ad valorem* parcel property tax upon individual parcels of property not exempt from taxation to which imported water supplies are made available by DWA. This tax is a fixed charge based on the value of the individual parcel of property. The tax compensates DWA for payment of its share of DWR's fixed costs in constructing, operating and maintaining the State Water Project. Under its contract with DWR, DWA is required to pay its share of DWR's annual fixed costs as a condition for the right to receive State Water Project water. If DWA did not pay its share of DWR's fixed costs, DWA would violate its water supply contract with DWR and would be unable to obtain this imported water.

(b) DWA imposes a groundwater replenishment assessment upon persons who pump groundwater from those portions of DWA's service area that are replenished with imported water that DWA receives pursuant to its exchange agreement with MWD. This assessment is a variable charge based on the amount of groundwater actually pumped by the individual pumper. This charge compensates DWA for energy costs and other costs charged by DWR for the actual delivery of imported water through the State Water Project, over and above the annual fixed costs of constructing, operating and maintaining the Project.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

(c)   DWA imposes a monthly water service charge upon business and residential customers who receive water service from DWA's retail water delivery system. This includes a minimum monthly component for each connection to DWA's water system, plus a unit charge for each 100 cubic feet of water delivered through the service connection. The charge compensates DWA for its own costs incurred to deliver water to its retail customers, including DWA's payment of the groundwater replenishment assessment, described above.

18.   DWA imposes the foregoing charges upon lessees of lands within the Agua Caliente Indian Reservation that receive water supplies and water service provided by DWA. The charges are imposed upon the lessees themselves, and not upon the Agua Caliente Indian Tribe or its members. The legal incidence of DWA's charges applies to the lessees and not to the Agua Caliente Indian Tribe or its members.

19.   In imposing and collecting its *ad valorem* property tax, as referred to in Paragraph 17(a), upon lessees of lands within the Agua Caliente Indian Reservation, DWA follows the following procedure: The DWA Board of Directors ("DWA Board") determines the amounts necessary to be raised by taxation during the current fiscal year, and fixes the tax rate necessary to raise these amounts. Cal. Water Code App. §§ 100-26, 100-27. In fixing the tax rate, the DWA Board includes the amounts necessary to be collected from lessees of lands within the Agua Caliente Indian Reservation. The DWA Board then certifies that tax rate to the Board of Supervisors of Riverside County, and directs the Board of Supervisors to levy a tax upon the property within DWA. *Id.* at § 100-27. Under the Desert Water Agency Law, "it is made the duty of the officer or body having authority to levy taxes" in Riverside County, which is the Board of Supervisors, "to levy the tax so required." *Id.* The Riverside County Treasurer-Tax Collector then sends tax

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

bills to the owners of all property interests that are subject to taxation within DWA's boundaries, including a possessory interest tax bill to each lessee of lands within the Agua Caliente Indian Reservation. DWA's tax appears as a separate line item on the possessory interest tax bill sent to the lessee. The Riverside County Treasurer-Tax Collector then distributes to DWA the amounts collected on behalf of DWA.

20. In imposing applicable water service charges and groundwater replenishment assessments, as referred to in Paragraphs 17(b) and 17(c), upon lessees of lands within the Agua Caliente Indian Reservation, DWA submits invoices directly to the lessees who are liable for such charges and assessments.

## 4.   Applicability of State and Local Taxes on Indian Reservations

21. The Supreme Court has held that the applicability of state laws on Indian reservations depends on whether Congress has preempted their application. *Cotton Petroleum Corp. v. New Mexico*, 490 U.S. 163, 174-175, 109 S. Ct. 1698, 104 L.Ed.2d 209 (1989); *Rice v. Rehner*, 463 U.S. 713, 718, 103 S. Ct. 3291, 77 L.Ed.2d 961 (1983); *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143, 100 S. Ct. 2578, 65 L.Ed.2d 665 (1980); *McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 171-172, 93 S. Ct. 1257, 36 L.Ed.2d 129 (1973); *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 146, 93 S. Ct. 1267, 36 L.Ed.2d 114 (1973). "[T]he trend has been away from the idea of inherent Indian sovereignty as a bar to state jurisdiction and toward reliance on federal pre-emption." *McClanahan*, 411 U.S. at 172. The prior history of tribal sovereignty serves as a "backdrop" in determining whether Congress has preempted the application of state laws. *Cotton Petroleum*, 490 U.S. at 176. "[E]ven on reservations, state laws may be applied [on Indian reservations] unless such

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

application would interfere with reservation self-government or would impair a right granted or reserved by federal law." *Mescalero,* 411 U.S. at 148; *see Organized Village of Kake v. Egan*, 369 U.S. 60, 75, 82 S. Ct. 562, 7 L.Ed.2d 573 (1962).

22.     Congress has expressly authorized—and not preempted—the application of state and local taxes upon improvements, rights, property and assets of lessees of lands within executive order Indian reservations.  25 U.S.C. § 398c. Section 398c provides:

> Taxes may be levied and collected by the State or local authority upon *improvements*, output of mines or oil and gas wells *or other rights, property, or assets of any lessee* upon lands within Executive order Indian reservations in the same manner as such taxes are otherwise levied and collected, ...; *Provided*, That such taxes shall not become a lien or charge of any kind against the land or other property of such Indians.

(Emphasis added.)  Section 398c is relevant both because it expressly authorizes the applicability of state taxes upon "improvements," "rights," "property" and "assets" of lessees on executive order Indian reservations, and also because it provides an additional "backdrop" indicating that such state taxes are not traditionally preempted as so applied.

23.     In cases where Congress has not expressly authorized or expressly preempted the application of state and local laws upon Indian reservations, the Supreme Court has adopted a balancing test in determining whether the state and

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

local laws apply. Under the balancing test, the applicability of state and local laws upon Indian reservations depends on a "particularized inquiry" into "the nature of state, federal, and tribal interests." *Bracker,* 448 U.S. at 145; *Cotton Petroleum,* 490 U.S. at 175-176 (1989); *Rice,* 463 U.S. at 720.

24. The Supreme Court has applied the balancing or "particularized inquiry" test in determining whether state and local taxes apply to non-Indians on an Indian reservation, where Congress has not expressly authorized or preempted their application. *Cotton Petroleum,* 490 U.S. at 173-177; *Bracker,* 448 U.S. at 144-145; *Rice,* 463 U.S. at 720. "Under current doctrine, . . . a State can impose a nondiscriminatory tax on private parties with whom the United States or an Indian tribe does business, even though the financial burden of the tax may fall on the United States or tribe." *Cotton Petroleum,* 490 U.S. at 175.

25. Applying the balancing or "particularized inquiry" test, the U. S. Court of Appeals for the Ninth Circuit and the California Court of Appeal have held that the counties of California, including Riverside County, are authorized to apply their state possessory interest taxes upon non-Indian lessees of Indian trust lands on Indian reservations, including the Agua Caliente Reservation. *Fort Mojave Tribe v. San Bernardino County,* 543 F.2d 1253 (9th Cir. 1976); *Agua Caliente Band of Mission Indians v. Riverside County,* 442 F.2d 1184 (9th Cir. 1971); *Palm Springs Spa, Inc. v. County of Riverside,* 18 Cal.App.3d 372, 95 Cal.Rptr. 879 (1971). According to the Ninth Circuit, "[t]he legal incidence of the tax clearly falls on the lessee," and "the lessor will never be personally liable for any delinquent taxes arising under this taxing statute." *Fort Mojave,* 543 F.2d at 1256; *see Agua Caliente,* 442 F.2d at 1186.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

**5.  Applicability of Desert Water Agency's Charges Upon Lessees of Lands within the Agua Caliente Indian Reservation**

26.  DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation are authorized under the federal leasing statute, 25 U.S.C. § 398c, because such charges are on "improvements," "rights," "property" and "assets" of such lessees, as provided for in section 398c.  DWA's charges do not become a lien or other charge against the land or property of the Agua Caliente Tribe or its members.  The Agua Caliente Indian Reservation is an executive order Indian reservation, having been created by presidential executive orders issued in 1876 and 1877.

27.  DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation are authorized under the balancing or "particularized inquiry" test that the Supreme Court has applied in determining the applicability of state and local taxes upon lessees of lands within Indian reservations, in cases where Congress has not expressly authorized or expressly preempted their application.  *See, e.g., Cotton Petroleum*, 490 U.S. at 174-176; *Rice*, 463 U.S. at 718; *Bracker*, 448 U.S. at 142-143.  DWA's charges are authorized under the balancing or "particularized inquiry" test because (1) DWA's charges are imposed upon non-Indian lessees of lands within the Agua Caliente Indian Reservation, and not upon the Agua Caliente Tribe or its members; (2) DWA's charges do not become a lien or charge against the land or property of the Agua Caliente Tribe or its members; and (3) DWA's charges compensate DWA for its costs and expenses in obtaining imported water supplies from the State Water Project and providing the water supplies to lessees on the Agua Caliente Indian Reservation.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# FIRST CLAIM FOR RELIEF

## (Non-Applicability of Federal Regulation to Plaintiff's Charges)

28.     The allegations in Paragraphs 1-27 are incorporated herein by reference.

29.     The federal regulation, 25 C.F.R. § 162.017, provides that "[s]ubject only to applicable Federal law" a state and political subdivision thereof cannot impose any "fee, tax, assessment, levy or other charge" upon a lessee of land within an Indian reservation.  Therefore, the regulation provides an exception for state and local taxes and other charges authorized under "applicable Federal law."

30.     The federal leasing statute, 25 U.S.C. § 398c, is an "applicable Federal law" within the meaning of the federal regulation, 25 C.F.R. § 162.017.  Section 398c authorizes the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation.  *See* Paragraph 26, *supra*.  Therefore, DWA's charges fall within the exception provided in the federal regulation, and the regulation does not apply to and preclude the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation.

31.     The Supreme Court's "particularized inquiry" test, which requires a balancing of federal, state and tribal interests in determining the applicability of state and local taxes upon lessees of lands within Indian reservations, is an "applicable Federal law" within the meaning of the federal regulation, 25 C.F.R. § 162.017.  DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation are authorized under the Supreme Court's "particularized inquiry" test, because the balance of federal, state and tribal interests weighs in favor of the application of DWA's charges.  *See* Paragraph 27, *supra*.  Therefore, DWA's

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

charges fall within the exception provided in the federal regulation, and the regulation does not apply to and preclude the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation.

32.    There is an actual dispute between the plaintiff and the defendants concerning whether the federal regulation, 25 C.F.R. § 162.017, applies to and precludes the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation.

33.    The defendants' action in adopting the federal regulation is final. DWA has no other adequate remedy at law.

34.    This court should issue a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, as authorized under Rule 57 of the Federal Rules of Civil Procedure, declaring that the federal regulation, 25 C.F.R. § 162.017, does not apply to and preclude the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation, because DWA's charges fall within the exception provided in the regulation for taxes and other charges authorized under "applicable Federal law."

## SECOND CLAIM FOR RELIEF
### (Invalidity of Federal Regulation)

35.    The allegations in Paragraphs 1-34 are incorporated herein by reference.

36.    If, contrary to the First Claim for Relief, the federal regulation, 25 C.F.R. § 162.017, applies to and precludes the application of DWA's charges upon

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

- 14 -

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

lessees of lands within the Agua Caliente Indian Reservation, then the federal regulation is invalid under a federal statute, 25 U.S.C. § 398c, because the regulation is inconsistent with and exceeds authority under the statute. Section 398c authorizes the application of state and local taxes upon "improvements," "rights," "property" and "assets" of lessees of lands within Indian reservations, and therefore authorizes the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation. *See* Paragraph 26, *supra*. Since DWA's charges are authorized under 25 U.S.C. § 398c, the federal regulation, in prohibiting DWA's charges, exceeds the defendants' authority under federal law, and is unlawful.

37.    If, contrary to the First Claim for Relief, the federal regulation, 25 C.F.R. § 162.017, precludes the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation, then the federal regulation is invalid under the "particularized inquiry" test that applies in determining the applicability of state and local taxes upon lessees of lands within Indian reservations, because the regulation is inconsistent with and exceeds authority under the "particularized inquiry" test. DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation are valid under the "particularized inquiry" test, because the balance of federal, state and tribal interests weighs in favor of the application of DWA's charges as so applied. *See* Paragraph 27, *supra*. Since DWA's charges are authorized under the "particularized inquiry" test, the federal regulation, in prohibiting DWA's charges, exceeds the defendants' authority under federal law, and is unlawful.

38.  The federal regulation, 25 C.F.R. § 162.017, if applied to DWA, would substantially impair DWA's water supply contract with DWR, and therefore deprive DWA of due process of law in violation of the Fourteenth Amendment of

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

- 15 -

the United States Constitution.

39.    There is an actual dispute between the plaintiff and the defendants concerning whether the federal regulation, 25 C.F.R. § 162.017, exceeds the defendants' authority under federal law, and is unlawful.

40.    The defendants' action in issuing the regulation is final.  Plaintiff DWA has no other adequate remedy at law.

41.    Since the federal regulation, 25 C.F.R. § 162.017, exceeds the defendants' authority under federal law and is unlawful, the defendants' action in adopting the regulation was arbitrary, capricious, an abuse of discretion, and not in accordance with law, and should be set aside as provided for in section 706(2)(A) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

42.    Since the federal regulation, 25 C.F.R. § 162.017, exceeds the defendants' authority under federal law and is unlawful, the defendants' action in adopting the regulation was in excess of statutory jurisdiction, authority and limitations, and should be set aside as provided for in section 706(2)(C) of the APA, 5 U.S.C. § 706(2)(C).

## RELIEF SOUGHT

WHEREFORE, plaintiff requests the following relief:

1.    That, in accordance with the First Claim for Relief, this court issue a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as authorized by the APA, 5 U.S.C. § 702, declaring as follows:

- 16 -

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

The federal regulation, 25 C.F.R. § 162.017, which provides that state and local taxes and other charges may not be applied upon leased lands within an Indian reservation except as authorized by "applicable Federal law," does not apply to and preclude the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation, because (a) a federal statute, 25 U.S.C. § 398c, authorizes the application of DWA's charges and is an "applicable Federal law" within the meaning of the regulation, and (b) the Supreme Court's "particularized inquiry" test authorizes the application of DWA's charges and is an "applicable Federal law" within the meaning of the regulation.

2.     That, in the alternative and in accordance with the Second Claim for Relief, this court issue a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as authorized by the APA, 5 U.S.C. § 702, declaring as follows:

The federal regulation, 25 C.F.R. § 162.017, by precluding DWA's charges as applied to lessees of lands within the Agua Caliente Indian Reservation, exceeds the defendants' authority under federal law and is invalid, because (a) a federal statute, 25 U.S.C. § 398c, authorizes the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation, and (b) DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation are authorized by the "particularized inquiry" test that applies in determining the applicability of state and local taxes upon lessees of lands within Indian reservations.  Therefore, the defendants' adoption of the regulation was arbitrary, capricious, an abuse of discretion, and not in accordance with law, and was in excess of statutory jurisdiction, authority and limitations.  5 U.S.C. §§ 706(2)(A), -(2)(C).

3.     That, in accordance with the Second Claim for Relief, the federal

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

regulation, 25 C.F.R. § 162.017, be held unlawful and set aside pursuant to the APA, 5 U.S.C. §§ 706(2)(A), -(2)(C), as arbitrary, capricious, an abuse of discretion, and not in accordance with law, and as in excess of statutory jurisdiction, authority and limitations.

4.    That, in accordance with the Second Claim for Relief, this court issue an injunction, as authorized by the APA, 5 U.S.C. § 702, enjoining the defendants, and each of them, from applying or enforcing, or attempting to apply or enforce, the federal regulation, 25 C.F.R. § 162.017, to prevent the application of DWA's charges upon lessees of lands within the Agua Caliente Indian Reservation.

5.    That this court award plaintiffs their costs of litigation, including reasonable attorneys' fees and expert witness fees; and

6.    That this court award such further relief as may be appropriate under the circumstances.

Dated:    March 28, 2013            BEST BEST & KRIEGER LLP


By: _Roderick E. Walston_
RODERICK E. WALSTON
MICHAEL RIDDELL
STEVEN MARTIN
Attorneys for Plaintiff
DESERT WATER AGENCY

01358.00000\7835274.6

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 NORTH MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

- 18 -

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV13- 2281 DMG (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

DESERT WATER AGENCY

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

UNITED STATES DEPARTMENT OF THE INTERIOR; KENNETH L. SALAZAR, U.S. Secretary of the Interior; UNITED STATES BUREAU OF INDIAN AFFAIRS; KEVIN K. WASHBURN, Assistant Secretary for Indian Affairs; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roderick E. Walston (Bar No. 32675)
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596 - (925) 977-3300 phone

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for Declaratory and Injunctive Relief under Administrative Procedure Act 5 U.S.C. Section 706(2), alleging that federal regulation is invalid.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☒ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV 13 - 02281 DMG (OPx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Roden E. Uales*   DATE: 3/28/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev  06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| DESERT WATER AGENCY, | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR; KENNETH L. SALAZAR, | ) |
| _(see attached)_ | ) |
| _Defendant(s)_ | ) |

**CV 13 - 02281  DMG  (OPx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Roderick E. Walston (Bar No. 32675)
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California, 94596
(925) 977-3300 Telephone
(925) 977-1870 Facsimile

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

CLERK OF COURT

L. MURRAY

Date:  MAR 29 2013

_Signature of Clerk or Deputy Clerk_

(1134)

RODERICK E. WALSTON (Bar No. 32675)
Roderick.walston@bbklaw.com
MICHAEL T. RIDDELL (Bar No. 72373)
Michael.riddell@bbklaw.com
STEVEN G. MARTIN (Bar No. 263394)
Steven.martin@bbklaw.com
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596
Telephone: (925) 977-3300
Facsimile: (925) 977-1870

Attorneys for Plaintiff
DESERT WATER AGENCY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| DESERT WATER AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; KENNETH L. SALAZAR, U.S. Secretary of the Interior; UNITED STATES BUREAU OF INDIAN AFFAIRS; KEVIN K. WASHBURN, Assistant Secretary for Indian Affairs; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF